IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN JEROME BROOKS, #179333, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-899-ECM-KFP |
| | ) | |
| JOHN CROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CALVIN JEROME BROOKS, #179333, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-906-ECM-KFP |
| | ) | |
| CASSANDRA CONWAY, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CALVIN JEROME BROOKS, #179333, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-197-ECM-KFP |
| | ) | |
| LT. JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

Calvin Brooks, an inmate at the Easterling Correctional Facility, files this 42 U.S.C. § 1983 action challenging his institutional assignment and claiming he is barred from being

housed at Easterling because of an incident in 2011. Before the Court is Plaintiff's Motion for Preliminary Injunction Relief (Doc. 43) seeking a transfer to another institution to be closer to his family and feel more secure. He claims correctional officers at Easterling who are aware of his involvement in the 2011 incident are targeting him verbally in an attempt to provoke him into engaging in a "physical reaction towards them." Doc. 43 at 1. Upon consideration of the motion, considered filed under Rule 65 of the Federal Rules of Civil Procedure, the undersigned finds it is due to be denied.

## II.   STANDARD OF REVIEW AND REQUIRED ELEMENTS

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) the injunction, if issued, would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir.), *cert. denied sub nom. Long v. Inch*, 139 S. Ct. 2635 (2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted); *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d

1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits may defeat request for injunctive relief, regardless of the ability to establish the other elements).

### III. DISCUSSION

Turning to the first two elements of a preliminary injunction, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits or that he will suffer irreparable harm. Courts are generally hesitant to grant prisoner motions for injunctive relief that interfere with prison administrative decisions, including inmate housing assignments or assignment of inmates to a specific facility. *See e.g., Freeman v. Fuller*, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985) (finding that placement of inmates inside prison "is a matter peculiarly within the province of prison authorities' administrative duties" and that federal courts "accord great deference to administrative decisions rendered by prison authorities and will not interfere except in extreme cases"); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding that prisoners do not have constitutional right to remain in or be transferred to correctional institution of their choosing). Thus, Plaintiff's allegations are insufficient to convince the Court that he has a substantial likelihood of prevailing on the merits. Further, the speculative and conclusory assertions that the guards "are nick picking and targeting [him] verbal[ly]," there is "tension in the air," and Defendants give him a "revenge grin"—all based on an incident that occurred over ten years ago—are insufficient to demonstrate irreparable harm. Doc. 43 at 2. In the context of

3

a preliminary injunction, the inquiry is not whether Plaintiff has shown the challenged conditions pose a danger to him in the abstract but whether he has shown he "will suffer irreparable injury 'unless the injunction issues.'" *See Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged injury must be actual and imminent, not remote or speculative. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the possibility of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Additionally, although the third and fourth elements, harm to the opposing party and the public interest, merge when the state or its actors are the opposing party, *Nken v. Holder*, 556 U.S. 418, 435 (2009), each of these factors weighs in favor of Defendants. Defendants have a significant public interest in the administration of the jail. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Plaintiff's motion fails to address harm to the opposing party or the public interest. However, on the facts asserted here, the Court finds that an injunction interfering with the ability to assign inmates to particular institutions would substantially harm Defendants' ability to manage inmates and make routine decisions and that it would be adverse to the public's interest in the administration of the jail.

### IV. CONCLUSION

The drastic remedy of an injunction should not be granted unless a party clearly establishes the burden of persuasion on all four elements. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001). Because Plaintiff has failed to

carry his burden of persuasion on each element, his motion is due to be denied. Accordingly, the Magistrate Judge RECOMMENDS:

1. Plaintiff's Motion for Preliminary Injunction Relief (Doc. 43) be DENIED; and

2. This case be referred to the undersigned Magistrate Judge for further proceedings.

It is further ORDERED that by **December 6, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of November, 2021.

                                /s/ Kelly Fitzgerald Pate
                                KELLY FITZGERALD PATE
                                UNITED STATES MAGISTRATE JUDGE